798 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CENTURY BOAT COMPANY, Plaintiff-Appellee, Cross Appellee,
v.
MIDLAND INSURANCE et al., Defendant-Appellee, Cross-Appellant,
v.
JOHNSON & HIGGINS OF ILLINOIS, INC., Defendant-Appellant
Cross-Appellee.
 Nos. 85-1268, 85-1269.
 United States Court of Appeals,
Sixth Circuit.
 July 18, 1986.
 
 Before MARTIN and KRUPANSKY, Circuit Judges, and CHURCHILL, District Judge.*
 PER CURIAM.
 
 
 1
 The plaintiff, Century Boat Company (Century), manufactures and sells power boats. Johnson and Higgins of Illinois, Inc. (Johnson and Higgins), is an insurance broker, and Midland Insurance Company (Midland) is a casualty insurance company whose line of business includes products liability insurance.
 
 
 2
 Prior to February 15, 1979, Century purchased standard form products liability insurance from different companies without deductible or self-insurance retention and by terms of which the insurance carrier paid all defense costs. To pursue the possibility of reducing premium costs and for other reasons, Century sought Johnson and Higgins' advice. Johnson and Higgins obtained proposals from three carriers including Midland. Each proposal provided for a $100,000 self-insured retention including defense costs so that Century's maximum risk per occurrence including defense costs would be $100,000. Century rejected these proposals. Under the pressure of competition, Midland submitted a new proposal which was communicated to and accepted by Century by telephone. The Midland coverage went into effect on February 15, 1979 for a one-year term. Shortly afterwards, a person in Pennsylvania was seriously injured in a boating accident involving a Century product. Litigation against Century was commenced in Pennsylvania in 1980.
 
 
 3
 Century understood that it was to advance the first $50,000 of defense costs and it did so. A dispute between Century and Midland as to the responsibility for advancing and paying additional defense costs then surfaced. Century claimed that it had reached the limit of its self-retention and that Midland would have to pay the balance of costs and also the full amount of any settlement or judgment. Midland claimed that Century would be responsible for the first $50,000 of any settlement or judgment and then the defense costs would be prorated between them in portion to the settlement costs borne by each. On a $200,000 settlement, for example, according to Midland, Century would pay $50,000 and, in addition thereto, 1/4 of the defense costs. Under a reservation of right, Century continued to pay costs and eventually paid out $112,930.02 before the suit was terminated against Midland at the trial level without any liability.
 
 
 4
 In this diversity action, Century seeks reimbursement of $62,930.02 and an appropriate declaratory judgment with respect to contingent future liability and defense costs on the same claim.
 
 
 5
 The plaintiff, Century, has asserted theories of recovery based on contract and negligence against Midland and, based on contract, negligence and misrepresentation against Johnson and Higgins. At the conclusion of a nonjury trial, the trial judge made careful fact-findings which included determinations that the policy was ambiguous, that under applicable Illinois law it should be construed so that Century's total risk per occurrence for liability and defense costs was $50,000 and that Johnson and Higgins did not use due care in explaining the written proposal to Century on the telephone before accepting the amended proposal. These findings of fact are affirmed.
 
 
 6
 As a conclusion of law, the Judge found that Midland and Johnson and Higgins were jointly liable for all past and future defense costs in excess of $50,000 incurred in the Pennsylvania case.
 
 
 7
 This conclusion was erroneous. Century's right of recovery against Midland is based upon contract. Johnson and Higgins' negligence did not result in a loss to Century. In actuality, the failure to explain Midland's understanding of its own policy to Century may have been to Century's benefit.
 
 
 8
 Midland did file a cross-claim against Johnson and Higgins. The trial Court did not find in Midland's favor on the cross-claim. This omission was not appealed. Thus, we need not inquire into the possibility that Johnson and Higgins owed a duty to Midland which was breached. In any event, Midland could not blame Johnson and Higgins for its own failure to write an unambiguous proposal.
 
 
 9
 The case is REMANDED to the District Court for the entry of a judgment in conformity herewith.
 
 
 
 *
 The Honorable James P. Churchill, District Judge, Unite States District Court for the Eastern District of Michigan, sitting by designation